DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas convicting and sentencing appellant on one count of aggravated burglary and one count of felonious assault, as well as from the trial court's decision denying appellant's motion to withdraw his no contest plea. The trial court's judgments are affirmed for the reasons that follow.
The relevant facts of this appeal are as follows. On January 28, 1999, appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(2), with a firearm specification ("Count 1"), one count of aggravated robbery in violation of R.C. 2911.01(A)(1), with a firearm specification ("Count 2"), and one count of felonious assault, in violation of R.C. 2903.11(A)(2), with a firearm specification ("Count 3"). On January 29, 1999, appellant entered a plea of not guilty. Then, on August 31, 1999, a plea hearing was held. At the hearing, appellant agreed to plead no contest to Count 1, aggravated burglary, a first degree felony, and to Count 3, felonious assault, a second degree felony. In exchange, the state agreed to nolle Count 2, aggravated robbery, along with the gun specifications attached to all three counts. Further, the state agreed to nolle two other charges pending against appellant in other cases and agreed not to indict appellant on a third charge. The trial court accepted appellant's plea and found him guilty of aggravated burglary and felonious assault.
Then, on September 24, 1999, appellant made an oral motion to withdraw his no contest plea. The court accepted this oral motion without ruling on it, and gave appellant until September 29, 1999 to place his oral motion in writing. The court then gave appellee until October 13, 1999 to respond, and scheduled a hearing on the motion for October 22, 1999. However, appellant never filed his motion. Instead, he agreed to proceed with sentencing. However, at the sentencing hearing on October 6, 1999, appellant stated that he would rather go to trial than be sentenced, in essence renewing his motion to withdraw his plea. Appellant stated that he thought he was being treated unfairly, that one of his co-defendants received three years as a result of a plea bargain and the other was "out on the street" and that both his co-defendants were offered polygraphs whereas he was not. He also stated that he was innocent of the charges and had witnesses who could substantiate that claim. The judge ruled that he was going to go ahead with sentencing and sentenced appellant to nine years on Count 1 and seven years on Count 3, to be served concurrently.
Appellant timely appealed, raising the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED, TO THE DETRIMENT OF THE DEFENDANT-APPELLANT, WHEN IT FAILED TO CONDUCT A FULL HEARING ON DEFENDANT- APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEAS.
 SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED WHEN IT ORDERED THE DEFENDANT-APPELLANT TO PAY COURT-APPOINTED COUNSEL'S FEES"
In his first assignment of error, appellant argues that court erred in failing to hold a hearing on his motion to withdraw his no contest pleas. Appellee contends that a sufficient hearing was held.
Generally, a motion to withdraw a guilty plea or a no contest plea made before sentencing should be freely and liberally granted. State v. Xie
(1992), 62 Ohio St.3d 521, 527, _State v. Spivey (1998), 81 Ohio St.3d 405,415 (applying Xie to no contest pleas). A defendant does not, however, have an absolute right to withdraw his plea before sentencing. Xie at paragraph one of syllabus. Therefore, the trial court is required to "conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. Following the hearing, the trial court's decision to grant or deny a motion to withdraw a plea will be upheld absent an abuse of discretion. Id at 527.
Although Xie requires a hearing, it does not specify the type or the extent of hearing. This court has previously held that, although the hearing must meet the minimum standards of due process, i.e., meaningful notice and an opportunity to be heard, a full evidentiary hearing is not required in all cases. _State v. Mercer (January 14, 2000), Lucas App. Nos. L-98-1317 and L-98-1318, unreported. The scope of the hearing "should reflect the substantive merits of the motion." Id. "[B]old assertions without evidentiary support should not merit the type of scrutiny that substantial allegations would make." Id., quoting Statev. Smith (December 10, 1992), Cuyahoga App. No. 61464, unreported. Further, the scope of the hearing is within the sound discretion of the trial court. Smith, quoting State v. Hall (April 27, 1989), Cuyahoga App. No. 55289, unreported.
In the present case, we do not find that the scope of the hearing was an abuse of discretion. Appellant had a chance to state the reasons for his motion. These reasons, his alleged innocence and the fact that the other defendants might be treated differently, were known to him at the time of the plea agreement. A simple change of heart, as appellant apparently had in this case, is not a sufficient basis for withdrawal of a plea. State v. McGee (March 12, 1998), Cuyahoga App. No. 72148, unreported. Further, according to the adult probation department's "Probation/Community Control Violation Report," appellant admitted to having committed this crime because he "needed the money." Therefore, we find that the extent of the hearing was sufficient as it was commensurate with the merits of appellant's motion. Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the court erred in ordering appellant to pay court-appointed counsel's fees without making a determination as to whether he has the ability to pay. Appellee does not dispute the validity of this assignment of error. As the trial court failed to make a determination on the record that appellant was able to pay for his court-appointed counsel, we find appellant's second assignment of error well-taken. State v. Brown (November 19, 1999), Lucas App. No. L-97-1332, unreported.
On consideration whereof, we reverse the order of the Lucas County Court of Common Pleas insofar as it requires appellant to pay court-appointed counsel fees. We affirm the trial court's judgment in all other respects. This case is remanded to the trial court for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellant.
Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper, P.J., JUDGES CONCUR.
 ____________________________ JUDGE